UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNY BROWN, | ) |
|     PLAINTIFF | )    CIVIL ACTION NO.: |
| | )    4:12-cv-1222 |
| VS. | ) |
| | ) |
| | ) |
| CONSUMER ADJUSTMENT | ) |
| COMPANY, INC. d/b/a CACi | )    JURY TRIAL DEMAND |
|     DEFENDANT. | ) |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Jenny Brown brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Consumer Adjustment Company (hereinafter referred to as "CACi").

2. The Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. prohibits the use of predictive dialers to call cellular telephones. There exists an affirmative defense of "prior express consent," which is available only in circumstances where the called party provided his or her cellular telephone number to the caller or its privies.

3. Defendant called plaintiff numerous times on her cellular telephone using predictive dialing equipment, even though plaintiff never provided her cellular number to defendant.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by plaintiff within this District and defendant transacts business within this District.

**PARTIES AND PERSONAL JURISDICTION**

5. Plaintiff Jenny Brown is a natural person and a citizen of the State of Missouri who resides in this District. Plaintiff's cellular telephone number is (314) xxx-1695.

6. Defendant Consumer Adjustment Company, Inc. is a Missouri Corporation and debt collection agency located in St. Louis, Missouri. CACi is subject to the jurisdiction and venue of this Court.

**FACTS**

7. Defendant called plaintiff's cellular telephone several times in 2011 and 2012. Upon information and belief, based upon the frequency and nature of the calls and caller, defendant used a predictive dialer to make such calls.

8. Indeed, according to its promotional materials, it is the policy and practice of defendant to use predictive dialing technology to make collection telephone calls. Its website states that it uses an "**I**n-house auto-dialer, auto-messaging, and IVR with abundant capacity."

9. Plaintiff has no relationship with CACi, and did not give CACi her cell phone number.

10. Plaintiff and the class have been substantially damaged by the illegal phone calls. Plaintiff was charged for each call, her privacy was improperly invaded and she was inconvenienced and forced to deal with unwanted telephone calls.

## COUNT I – TCPA

11. Plaintiff incorporates paragraphs 1-10.

12. Defendant violated the TCPA by placing automated calls to plaintiff and the class members' cell phones using its predictive dialer.

13. Furthermore, by virtue of it not having received the phone numbers from the persons it called, defendant could not have had any class member's "prior express consent" to receive such calls.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the area codes 314, 636, 573, 417, 816, and 660 or (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) defendant called using its predictive dialing equipment (d) where defendant did not obtain the phone number called from the called party, with respect to the subject matter of the alleged debt being collected (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call, or defendant was calling a wrong number).

15. The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

16. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a. Whether defendant engaged in a pattern of using its predictive dialer

to place calls to cellular telephones; and

b. Damages, including whether the violations were negligent, willful or knowing.

17. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

18. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

19. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

A. Statutory damages;

B. An injunction against further violations;

C. A declaration that defendant's equipment and messages are regulated by the TCPA;

D. Costs of suit;

E. Reasonable attorney's fees as part of a common fund, if any;

F. Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Jenny Brown
**Jenny Brown**

## HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney at Law
640 Cepi Drive, SuiteA
Chesterfield, MO 63005
Telephone:	(636) 536-5175
Fax:	(636) 590-2882
Email:	bob@healeylawllc.com

and

## BURKE LAW OFFICES, LLC

/s/ Alexander H. Burke
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
Telephone:	(312) 729-5288
Fax:	(312) 729-5289
Email:	aburke@burkelawllc.com
Co-Counsel for Plaintiffs
Pro Hac Vice Application to be Filed